UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Bernard McFadden**, # 199135,<br><br>                       Petitioner,<br><br>v.<br><br>Joel Anderson, Warden of Wateree River Correctional Institution,<br><br>                       Respondent.<br>_____ | C/A No. 3:07-2015-RBH-JRM<br><br><br><br><br>Report and Recommendation |

### Introduction

The petitioner, Bernard McFadden, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at Wateree Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The petitioner alleges that he was found guilty by a disciplinary hearing officer on January 11, 2007, for "fighting without a weapon." As a result, he lost thirty (30) days good time credit and sixty (60) days of phone, visitation, and canteen privileges. He argues that his disciplinary conviction must be vacated based upon several alleged constitutional violations.

The petitioner alleges that he filed an appeal/grievance of his disciplinary conviction with SCDC on January 17, 2007, but that he has not received a response. The petitioner alleges that on March 6, 2007, he mailed an inmate request to SCDC headquarters seeking resolution of several of his grievances and that he has not received a response. He further alleges that around May 31, 2007,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

he filed a writ of mandamus with the South Carolina Supreme Court, which was denied on June 6, 2007.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, even if the plaintiff had paid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to determine if "it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases. *See* Rule 1 which provides that the Rules may apply to Section 2241 habeas petitions.

<u>Discussion</u>

This action should be summarily dismissed because the petitioner has not exhausted his state remedies by filing an appeal of his disciplinary conviction with the South Carolina Administrative Law Courts ("ALC"). The state court exhaustion requirement for § 2241 claims is not mandated by federal statute but rather "has developed through decisional law in applying principles of comity and federalism[.]" *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)); *see also Robinson v. Wade*, 686 F.2d 298, 303 n. 8 (5th Cir. 1982). Although the lack of exhaustion of state remedies is generally considered an affirmative defense and not jurisdictional, if the lack of exhaustion is apparent from the face of the complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Services*, 407 F.3d 674, 682 (4th Cir. 2005) (although this case concerned the PLRA, it discussed habeas actions and failure to exhaust); *Eriline Co. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). *Cf. Day v. McDonough*, 126 S.Ct. 1675, 1682 (2006) (exhaustion of state remedies is nonjurisdictional).

In a federal habeas action reviewing a SCDC disciplinary conviction which affects the execution of a valid state sentence (here, the taking of 30 days earned good time credit), the South Carolina Administrative Law Court's review of the claim is a necessary step in the exhaustion of state remedies. *See SCDC Inmate Grievance System Procedures Issued 1-1-2006,* Numbers 13.7-13.9 (requires the inmate to appeal the result of a disciplinary hearing to the South Carolina

Administrative Law Court); *Furtick v. South Carolina Dep't of Corr.*, No. 26270, 2007 WL 522305 (S.C. 2007). *See also Dicks v. South Carolina Dep't of Corr.*, No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). *Cf. Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 490-91 (1973). The petitioner explained the steps he has taken in his attempt to resolve his appeal/grievance with SCDC; however, it is apparent from the face of the complaint that the petitioner has not yet filed an action appealing his disciplinary conviction with the South Carolina ALC. Assuming that the petitioner did properly file his appeal/grievance utilizing SCDC's procedures and assuming that SCDC failed to respond under their own procedures, the petitioner must still file an appeal with the ALC.[2] The petitioner can, of course, argue before the ALC that SCDC's "final answer" to his appeal/grievance is a "denial" due to SCDC's failure to respond. The fact that the petitioner filed a writ of mandamus with the South Carolina Supreme Court does not satisfy the ALC exhaustion requirement. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) (the law of habeas requires proper state exhaustion by complying with deadlines and other procedural rules). *Cf. Durkin v. Davis*, 538 F.2d 1037, 1041-42 (4th Cir. 1976) (a petition filed in the original jurisdiction of a state's highest court does not satisfy the exhaustion requirement of 28 U.S.C. § 2254).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v.*

---

[2] SCDC procedures, Section 13, provides that an inmate must complete a Form 10-5, Step 1, within 15 days of the alleged incident. After the warden responds, the inmate may appeal by completing Form 10-5a, Step 2, and submitting it to the Institutional Inmate Grievance Coordinator within 5 days. *SCDC Inmate Grievance System Procedures Issued 1-1-2006*. In his complaint, the petitioner does not mention Step 1 or Step 2 and whether he completed the proper forms within the deadlines.

4

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner).  *The petitioner's attention is directed to the important notice on the next page.*

                                        Respectfully Submitted,

                                        s/Joseph R. McCrorey
                                        United States Magistrate Judge

August 1, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).